**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by R-2760
E-52

Modified by V-872

August 5, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-650

Re: Consolidation of
Springlake Park Com-
mon School District
No. 19, and Texarkana
Independent School
District, both in
Bowie County, and re-
lated questions.

Dear Sir:

We refer to your recent request from which we quote in part:

"The Board of Trustees of Texarkana Independent School District in Bowie County, Texas, desires an official ruling on the legal questions herein propounded.

"The facts: The Texarkana Independent School District was created by special act of the Legislature of the State of Texas by Senate Bill No. 9, Third Called Session of the 36th Legislature. The Texarkana Independent School District, subsequent to the above act of the Legislature, has existed and is now in legal existence and discharging appropriate functions through its Board of Trustees.

"The Texarkana Independent School District, by appropriate and legal action, has added some territory to the area originally incorporated in said district.

"During the year 1927 the Board of Trustees of the Texarkana Independent School District, through legal and appropriate action, established the Texarkana Junior College within the boundaries of the Texarkana Independent School District, and at all times

subsequent thereto the Texarkana Independent School District has operated and maintained and there has functioned an accredited and approved junior college within the Texarkana Independent  School District, the said college being under the supervision, direction and control of the Board of Trustees of the Texarkana Independent School District.

"The qualified property tax paying voters of the Texarkana Independent School District have voted a special tax for the support and maintenance of the Texarkana Junior College.

"Springlake Park Common School District No. 19 in Bowie County, Texas, adjoins and has a common boundary line with the Texarkana Independent School District for approximately one-half of the boundary line of said Common School District.  Said Common School District was created and the boundaries thereof legally fixed by an order of the Commissioners' Court of Bowie County, Texas, during the year 1915, and said District has functioned as a Common School District at all times subsequent thereto.

"Many interested citizens living within Springlake Park Common School District No. 19 in Bowie County, Texas, desire said Common School District to be annexed to and become a part of the Texarkana Independent School District and Texarkana Junior College District and the purpose of this inquiry is to determine how said consolidation may be legally effected and therefore the following questions:

"1.  Can the Springlake Park Common School District No. 19 in Bowie County, Texas, be legally consolidated to and with the Texarkana Independent School District and Texarkana Junior College District in the manner provided for in Article 2806, Vernon's Annotated Statutes, Pocket Parts; Acts 1945, 49th Legislature, Page 416, Chapter 264, Section 1?

Hon. L. A. Woods, page 3  (V-650)

"2. If the above section of the statutes is held to apply only to the Independent School district as distinguished from the Junior College District, then in such event can the Springlake Park Common School District No. 19 in Bowie County, Texas, be annexed to the Texarkana Junior College District, as provided in Article 2815h, Section 21, Vernon's Annotated Statutes?

"3. In the event either or both of Questions Numbered 1 and 2 are answered in the affirmative, then in such event can all taxes voted by the people in the Texarkana Independent School District, including the Junior College District, be extended over the area of Common School District No. 19?

"4. If Questions 1 or 2 is answered in the affirmative and Question 3 is answered in the negative, then in such event are the voters of Springlake Park Common School District No. 19 required to vote to assume all taxes legally levied for the support of the Texarkana Independent School District and Junior College District before said taxes can be levied upon the property in said common school district.

"5. There has heretofore legally been voted by the voters of the present Texarkana Junior College District bonds for the purchase of a site and erection of a building for the Junior College. Assuming the future legal consolidation of the Texarkana Independent School District and the Texarkana Junior College District, and the Springlake Park Common School District No. 19, will the Trustees of the (Consolidated) Junior College District be authorized to spend such bond funds for the purchase of a site and the erection of a building in the area now within Common School District No. 19, but outside the present boundaries of the Texarkana Independent School District and Texarkana Junior College District?

"In this connection, you are advised that the Trustees of the Texarkana Indepen-

dent School District have control of and
supervision of the Texarkana Junior Col-
lege and bonds have been legally voted
and will be sold for the purchase of a
site and the erection of a new junior col-
lege building. The Trustees of the Tex-
arkana Independent School District and
Junior College District, after diligent
search, have been unable to find suitable
grounds within the boundaries of said In-
dependent School District and College Dis-
trict upon which to erect the junior college
building, but many admirable sites are avail-
able in Common School District No. 19 (which
is adjacent to the Texarkana Independent
School District and convenient for students)."

The Texarkana Independent School District is a
distinct corporate entity apart from the municipal cor-
poration constituting the city of Texarkana.  Chapter 31,
S. B. 9, 3rd C. S., 36th Legislature, Acts 1920.

Section 1-a, Chapter 49, S. B. 297, Special
Laws, 1st C. S., 39th Leg., Acts 1926, provides a proce-
dure for the annexation of territory to the Texarkana
Independent School District.  See Opinion 0-3823 attach-
ed hereto wherein Section 1-a is copied in part.

However, Section 19 of S. B. 297 vests in the
trustees of the Texarkana Independent School District
"all the rights, powers and privileges and duties con-
ferred and imposed by the General Laws of this State, now
in force, or that may be hereafter enacted, upon the trus-
tees of independent school districts" and provides fur-
ther that "the boundaries of said district may be extend-
ed by the annexation of contiguous territory in the man-
ner authorized and prescribed in this Act."

Article 2806, as amended, is a general law
authorizing and setting out the procedure for the con-
solidation of school districts in this State and is
available to independent as well as common school dis-
tricts.  It provides that "Where one or more indepen-
dent school districts are consolidated together or with
one or more common school districts the consolidated dis-
trict shall constitute an independent school district,
and shall have all the rights, powers and privileges
granted to independent school districts by the laws of
this State."  Article 2806 does not provide that when

an independent school district is consolidated with other
districts under the procedure therein set out that the
new district thereby created shall have all the rights,
privileges and powers granted to junior college districts
of this State.

Clearly, Springlake District may be annexed to
the Texarkana District under the procedure authorized in
the Special Act governing the Texarkana district or it
may be consolidated with Texarkana District under the
provisions of Article 2806, as amended. But under either
procedure, the new district with boundaries extended is
enlarged only for independent school district purposes.
We find no provision in the Special Laws creating the
Texarkana Independent School District nor in Article
2806, which provides that whenever the boundaries or
limits of an independent school district are so extend-
ed that the territory or district so extended within the
limits of the independent school district shall there-
after become a part of the junior college district which
it controls and operates. Nor do those laws provide the
procedure for the enlargement of a junior college dis-
trict. As evidence of the fact that there may be junior
college districts whose boundaries are not necessarily
coterminous with the independent school district see Art-
icle 2815h, Section 7a, second paragraph, and Section 21.

Section 21 of Article 2815h provides in part:

". . . A common school district . . .
may be annexed to a Junior College District
for Junior College purposes only, by an
election as provided in Section 2 hereof,
when petition of five per cent of the pro-
perty tax-paying voters in such district
. . . seeking to be annexed, provided fur-
ther that such annexation shall have been
previously approved by the Board of Trus-
tees of the Junior College District and pro-
vided further that election for such annexa-
tion shall be called and the results can-
vassed and declared by the County Board of
Education . . . provided further that the
territory included in such annexed district
shall thereby assume its share of any out-
standing bonded indebtedness of the Junior
College District, in proportion to the as-
sessed valuation with the said district,
and also shall become liable for taxes for
maintaining the Junior College."

Accordingly, the Texarkana Independent School District, acting under Section 1-a of S. B. 297, supra, may annex Springlake Park Common School District for independent school district purposes, or it may consolidate with said district acting under Article 2806, as amended, for independent school district purposes. In addition thereto, or deciding not to take in Springlake District for independent school district purposes, it may, acting under Section 21 of Article 2815h, annex Springlake Park district for junior college purposes only.

Section 1-b of Senate Bill 297, supra, authorizes the Board of Trustees of Texarkana Independent School District, whenever any territory is annexed thereto, to order an election for the purpose of determining whether taxes for the support and maintenance of its public free schools and also for the purpose of redeeming or paying the bonded debts of the Texarkana Independent School District shall be levied and collected annually on all taxable property within the limits and boundaries of said district as extended by reason of the annexation of any such territory.

The Attorney General has previously advised in Opinion No. V-375 that a newly consolidated school district created under procedure of Article 2806 has no authority to levy a local maintenance tax until such has been voted by the newly created district. See also Section 4 of Article 2784e, as amended, and Section 3, of Article VII, Constitution of Texas, which requires a majority of the qualified property taxpaying voters of a district voting at an election held for the purpose of voting a maintenance tax before the same may be levied and collected within all school districts heretofore formed or hereafter formed.

It follows that in the event the Springlake district is taken into the Texarkana district under Section 1-a, S. B. 297, supra, or under Article 2806, or under the procedure set out in Section 21 of Article 2815h, no authority would lie in the Texarkana Board of Trustees to levy and collect a maintenance tax from the enlarged district for any purpose until the same had been authorized by vote of the property taxpaying voters of the district as enlarged or extended at the time of the proposed consolidation or annexation for independent school district purposes. If there are outstanding bonds of either district, then at an election there may be submitted to the qualified taxpaying voters of such

new district the question as to whether the said new
district as enlarged or extended shall assume and pay
off said outstanding bonds and whether a tax shall be
levied therefor. Section 1a and 1-b, S. B. 249, supra;
Article 2807, Article 2786b; A.G. Opinion No. 0-4511.
Until such obligations are assumed by proper proceed-
ings, they remain the obligations of the territory in the
respective districts. Opinion V-375.

In the event the Springlake Park district is
annexed to the Texarkana District for junior college
purposes under Section 21 of Article 2815b, a proviso
therein requires that the territory included in such
annexed district shall thereby assume its share of out-
standing bonded indebtedness of the junior college dis-
trict, in proportion to the assessed valuation within
the said district, and shall also become liable for
taxes for maintaining the junior college. We interpret
this to mean that unless the territory desiring to be
annexed to the junior college district for junior col-
lege purposes at the election to be held under Section
2 of Article 2815h votes to assume its proportionate
part of said outstanding bonded debt of the junior col-
lege district and to become liable for taxes for main-
taining the junior college, the same will not become a
part of the junior college district.

Our answer to your fourth question being to
the effect that the qualified taxpaying voters of Spring-
lake Park district are required to vote before a tax may
be levied and collected on the taxable property within
its territory for the Texarkana Independent School Dis-
trict and Junior College District purposes, it follows
that the answer to your third question is in the nega-
tive.

We have underscored herein the words "out-
standing bonded indebtedness" found in Section 21, Art-
icle 2815h, "bonded debts" in sections 1-a and 1-b of
S. B. 249, supra, and "outstanding bonds" appearing in
Article 2807. Any bonds voted but which have not been
issued and sold do not constitute bonded indebtedness.

Under the facts herein submitted we are ad-
vised that bonds and tax payments have been legally vot-
ed by the Texarkana Junior College District for the pur-
chase of a site and the erection of a new junior college
building. The bond record previously approved by this
office indicates that the bond election was authorized

and held in accordance with Article 2815h-3b.

Section 1 of Article 2815h-3b provides, in part:

"... the governing Boards of all public Junior Colleges organized, created and established under the laws of Texas, in any manner, shall have power to issue bonds for the construction and equipment of school buildings and the acquisition of sites therefor, and to provide for the interest and sinking fund for such bonds by levying of such taxes as will be necessary in this connection, subject to the limitations hereafter imposed. Such governing boards shall also have power to levy and collect taxes for the support and maintenance of such Junior Colleges, provided that no bonds shall be issued and no taxes collected until authorized by vote of the majority of the qualified voters of the Junior College District in which such Junior College is located . . . (Emphasis added).

This office, in Opinion O-4573, has previously and properly advised that by virtue of the provisions of Section 6 of Article 2815h, a junior college Board is without authority to purchase a site for a junior college building outside the junior college district. We think Section 1 of Article 2815h-3b is additional authority for such opinion.

Furthermore, at the time of the junior college bond election, Springlake Park district constituted no part of the Texarkana Junior College District, nor does it at this date. Thus the bonds and tax in question were authorized by vote of the majority of qualified voters of the Texarkana Junior College District as it then existed. It must be presumed the voters intended and believed they were voting for the purchase of a site and the election of a junior college building in the junior college district as it then existed, for there was no authority in the Board to build it elsewhere. It is elementary that bonds may be issued, sold and used only for the purpose for which they were authorized. Fletcher v. Howard, 39 S.W. (2d) 32. The bonds in question were authorized to be issued, sold and used for the purchase of a site and

construction of a junior college building in the Texarkana Junior College District as it existed at the time the election was held authorizing same. To hold otherwise would not only do violence to Section 6 of Article 2815h and Section 1 of Article 2815h-3b, but also thwart the will of the qualified voters of Texarkana Junior College District as exercised in the junior college bond election held in accordance with Article 2815h-3b.

## SUMMARY

The Texarkana Independent School District, acting under Section 1-a of S. B. 297, Special Laws, 1st C.S., 36th Legislature, Acts 1920, may annex Springlake Park Common School District, or it may consolidate with said district under Article 2806, V. C. S. for independent school district purposes. In addition, it may annex the district for junior college purposes in accordance with Section 21 of Article 2815h, V. C. S.

In the event the Texarkana District takes the contiguous district under either of the said statutory procedures, it would be without authority to levy and collect taxes for the annexed district until same had been authorized by an election participated in by the qualified voters of the newly embraced territory. Art. VII, Sec. 3, Const. of Tex.; A.G. Opinion V-375.

Fund collected from the sale of bonds authorized by the qualified voters of Texarkana Junior College District by an election held in accordance with Article 2815h-3b, V.C.S., may not be used for the purchase of a site and the erection of a junior college outside the limits or boundaries of the junior college district as they exist at the time of the junior college bond election. Art. 2815h-3b, Sec.1; Art. 2815h, Sec.6,V.C.S.; A.G.Opin.O-4573.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

By

FIRST ASSISTANT
ATTORNEY GENERAL
CMO:wb:et:mw

Chester E. Ollison
Assistant